UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VICTOR JACKSON,

                Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER CHRISTOPHER REILLY, Shield No. 17570, POLICE OFFICER MICHAEL CINTRON, Shield No. 22065, LIEUTENANT EMILE PROVENCHER, and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

                Defendants.
------------------------------------------------------------------X

**AMENDED COMPLAINT**

13-CV-6137(LAK)(SN)

**JURY TRIAL DEMANDED**

        Plaintiff, VICTOR JACKSON, by his attorney, Jon L. Norinsberg, Esq., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

        1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

        2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

        3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is an African-American male and was at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, POLICE OFFICER CHRISTOPHER REILLY, POLICE OFFICER MICHAEL CINTRON, LIEUTENANT EMILE PROVENCHER, and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13. On or about July 24, 2013, at approximately 6:30 p.m., plaintiff VICTOR JACKSON was lawfully present at 1966 First Avenue, in the County of New York, in the City and State of New York.

14. While plaintiff VICTOR JACKSON was walking up the stairs of 1966 First Avenue to his grandmother's apartment, he was approached by defendant police officers sprinting up the stairs behind him.

15. Thereafter, defendant police officers approached plaintiff VICTOR JACKSON and immediately began to question him about the location of weapons and narcotics.

16. At no time on July 24, 2013, did plaintiff VICTOR JACKSON *ever* possess any weapons or narcotics, much less know about their location.

17. Thereafter, after searching plaintiff VICTOR JACKSON and finding no weapons or narcotics, defendants nonetheless handcuffed him and told him he was not free to leave the stairwell.

18. When plaintiff VICTOR JACKSON asked why he was being held, defendant police officers then proceeded to smash plaintiff VICTOR JACKSON's face into a metal electrical box within the stairwell multiple times.

19. Thereafter, plaintiff VICTOR JACKSON was taken out of 1966 First Avenue through a backdoor and placed in an unmarked police vehicle.

20. Plaintiff VICTOR JACKSON was then transferred to a marked police van which took him to the 23rd precinct.

21. At approximately 2:00 A.M on July 25th, 2013, plaintiff VICTOR JACKSON was transferred to central booking.

22. Plaintiff VICTOR JACKSON was arraigned late afternoon on July 25, 2013 and was charged with Criminal Trespassing.

23. On July 27, 2013 plaintiff VICTOR JACKSON sought treatment at a local hospital, where he was diagnosed with, *inter alia*, a fractured skull.

24. As a result of this unlawful arrest, plaintiff VICTOR JACKSON spent approximately one(1) day in jail.

25. As a result of the foregoing, plaintiff VICTOR JACKSON sustained, *inter alia*, serious bodily injuries, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

28. All of the aforementioned acts deprived plaintiff VICTOR JACKSON of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. §1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff VICTOR JACKSON's constitutional rights.

34. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
### FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "34" as if the same were more fully set forth at length herein.

36. Defendant Police Officers had an affirmative duty to intervene to protect the constitutional rights of plaintiff VICTOR JACKSON from being violated by other police officers in their presence.

37. Defendant Police Officers violated plaintiff VICTOR JACKSON's constitutional rights in the presence of their police colleagues.

38. Defendant Police Officers had reason to know plaintiff's constitutional rights were being violated.

39. Defendant Police Officers had a realistic opportunity to intervene to prevent the harm from occurring to plaintiff VICTOR JACKSON, but failed to do so.

40. Notwithstanding this opportunity, Defendant Police Officers failed to intervene to prevent the violations of plaintiff VICTOR JACKSON's constitutional rights.

41. As a result of the foregoing, plaintiff VICTOR JACKSON sustained, *inter alia*, bodily injuries, loss of liberty, loss of wages and income, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FORTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "41" as if the same were more fully set forth at length herein.

43. Defendants created false evidence against plaintiff VICTOR JACKSON.

44. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's Office.

45. In creating false evidence against plaintiff VICTOR JACKSON, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

46. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. The aforementioned individual defendants issued legal process to place plaintiff VICTOR JACKSON under arrest.

49. The aforementioned individual defendants arrest plaintiff VICTOR JACKSON in order to obtain a collateral objective outside the legitimate ends of the legal process.

50. The aforementioned individual defendants acted with intent to do harm to plaintiff VICTOR JACKSON, without excuse or justification.

51. As a result of the foregoing, plaintiff VICTOR JACKSON sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## SIXTH CLAIM FOR RELIEF
## <u>MUNICIPAL LIABILITY</u>

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" as if the same were more fully set forth at length herein.

53. Defendants arrested and incarcerated plaintiff VICTOR JACKSON in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

54. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

55. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

56. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff VICTOR JACKSON.

57. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff VICTOR JACKSON as alleged herein.

58. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff VICTOR JACKSON as alleged herein.

59. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff VICTOR JACKSON was incarcerated unlawfully for one day.

60. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff VICTOR JACKSON.

61. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff VICTOR JACKSON's constitutional rights.

62. All of the foregoing acts by defendants deprived plaintiff VICTOR JACKSON of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have cruel and unusual punishment imposed upon him; and

    E. To receive equal protection under the law.

## FIRST CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW ASSAULT

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Plaintiff has complied with all the conditions precedent of the bringing of this action, and has complied with all provisions of the Charter of the City of New York, and the plaintiff has, prior to the bringing of this action and within ninety days after the injuries

hereinafter described were received, duly served notice upon the Corporation Counsel and the Comptroller for the City of New York of his intention to sue upon the claim set forth. More than thirty days have elapsed since the presentation of the Notice of Claim, and that the said claim remains unadjusted and the said Comptroller has failed and/or refused to make any adjustment thereof. Plaintiff expects that his 50-H hearing will be held in the near future. The instant action is being filed within one year and ninety days of the date in which plaintiff's claims accrued upon his release from prison.

65. Defendants' aforementioned actions placed plaintiff VICTOR JACKSON in apprehension of imminent harmful and offensive bodily contact.

66. As a result of defendants' conduct, plaintiff VICTOR JACKSON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### SECOND CLAIM FOR RELIEF
### UNDER N.Y. STATE LAW: BATTERY

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Defendant police officers touched plaintiff VICTOR JACKSON in a harmful and offensive manner.

69. Defendant police officers did so without privilege or consent from plaintiff.

70. As a result of defendants' conduct, plaintiff VICTOR JACKSON has suffered severe emotional distress as well as multiple bodily injuries, including but not limited to, a fractured skull and broken nose.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

73. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

74. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

75. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff VICTOR JACKSON.

76. As a result of the aforementioned conduct, plaintiff VICTOR JACKSON suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Defendant the City of New York owed a duty to the public at large, including but not limited to plaintiff VICTOR JACKSON, to exercise reasonable care in the selection, hiring and retention of all of its employees, and in particular, those employees with the job responsibility of dealing with the public at large.

79. Defendant The City of New York failed to use reasonable care when it hired defendants polices officers "John Doe" #1 - 10 .

80. Defendant The City of New York failed to make reasonable inquiries into the background of defendant police officers "John Doe" # 1 - 10.

81. Had defendant The City of New York used reasonable care in inquiring into the background of defendant police officers "John Doe" # 1 - 10, it would have learned that they were patently unqualified to serve as police officers in the New York City Police Department.

82. As a result of the foregoing, defendant City of New York breached its duty to use reasonable care in the selection and hiring of all of its employees.

83. As a result of defendant City of New York's negligence in hiring defendant police officers "John Doe" # 1 - 10, plaintiff Michel Livingston was subjected to excessive force and to a false arrest by defendant police officers "John Doe" # 1 - 10.

84. Upon information and belief, this was not the first time that defendant police officers "John Doe" # 1 - 10 had used excessive force and/or made false arrests against a citizen of the City of New York.

85. Defendant City of New York knew, or in the exercise of reasonable care, should have known, that defendants police officers "John Doe" # 1 - 10 had a propensity for using excessive force and/or making false arrests against citizens of the City of New York.

86. Defendant The City of New York knew, or in the exercise of reasonable care, should have known, that defendant police officers "John Doe" # 1 - 10 had a propensity for engaging in grossly improper, inappropriate and unlawful conduct towards citizens of the City of New York, and then concealing such misconduct by making false accusations against such citizens.

87. Notwithstanding The City of New York's knowledge of the propensities of defendant police officers "John Doe" # 1 - 10, defendant the City of New York retained defendant police officers "John Doe" # 1 - 10 as employees, and allowed them to continue to deal directly with the members of the public, including but not limited to, plaintiff VICTOR JACKSON.

88. In choosing to hire, and then retain, defendant police officers "John Doe" # 1 - 10, defendant City of New York breached its duty to the public at large, and to plaintiff VICTOR JACKSON in particular, to use reasonable care in the selection and retention of its employees.

89. Defendant City of New York was further negligent in failing to provide adequate training regarding the use of force against civilians, and in failing to adequately supervise defendants in the performance of their occupational duties.

90. As a result of the foregoing, plaintiff VICTOR JACKSON is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damage against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff VICTOR JACKSON demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
April 17, 2014

BY: _____
JON L. NORINSBERG (JN-2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396

INDEX NO. 12 CV 9166 (PGG)　　　　　　　　　　　　　　YEAR 2012
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR JACKSON,

　　　　　　　　　　Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER CHRISTOPHER REILLY, Shield No. 17570, POLICE OFFICER MICHAEL CINTRON, Shield No. 22065, LIEUTENANT EMILE PROVENCHER, and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

　　　　　　　　　　Defendants.

## AMENDED SUMMONS AND COMPLAINT

JON L. NORINSBERG
*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
225 Broadway - Suite 2700
New York, New York 10007
(212) 791-5396

Signature (Rule 130-1.1a)

Print Name Beneath

To
Attorney(s) for　　Defendants

Service of a copy of the within is hereby admitted.　　　　Dated

Attorney(s) for

PLEASE TAKE NOTICE

☐　　**NOTICE OF ENTRY**

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on　　　　20

☐　　**NOTICE OF SETTLEMENT**

that an order　　　　　　　　　　　　　　　of which the within is a true copy
will be presented for settlement to the HON.　　　　one of the judges of the
within named Court, at
on　　　　　　　20　　　　　at

Dated,　　　　　　　　　　　　　　　　　　　　　　　Yours, etc.